IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Z.E. a minor by and through JAMIE ELAM her next friend and mother,<br><br>    Plaintiff<br><br>vs.<br><br>MCCLAIN COUNTY INDEPENDENT DISTRICT NO 15 a/k/a PURCELL SCHOOL DISTRICT<br><br>    Defendant. | JURY TRIAL DEMANDED<br><br>Case No:   CIV-19-387-SLP |

## COMPLAINT

COMES NOW, Plaintiff, Z.E. ("Z.E.") by and through her next friend and mother ("Elam") for her causes of action against the Defendant:

## PARTIES

1. Plaintiff Z.E. is a female under the age of eighteen, a natural person, and now and at all times relevant a resident of Purcell, McClain County, Oklahoma.  She appears by and through her next friend and mother Elam who is also now and at all times relevant a resident of Purcell, McClain County, Oklahoma.

2. Defendant McClain County Independent School District No. 15 a/k/a Purcell School District ("Purcell School District") is an accredited public-school district in McClain County, Oklahoma the boundaries of which include the City of Purcell.  On information and belief Purcell School district is the recipient of federal financial assistance.

3. Purcell Elementary School is within the boundaries of Purcell School District in McClain County, Oklahoma.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1343 and 1331. Further, this Court has jurisdiction under 28 U.S.C. t has jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claim of negligent supervision in all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution.

5. The Court has jurisdiction over Defendants because the unlawful acts alleged in this Complaint were committed in McClain County, Oklahoma which lies within the Western District of Oklahoma.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in McClain County, Oklahoma, which lies within the Western District of Oklahoma, and because Defendants operate or perform their duties within the Western District of Oklahoma.

## STATEMENT OF FACTS

7. Z.E. is a third-grade student at Purcell Elementary School and upon information and belief Z.E. and her fellow siblings are the only black students attending Purcell schools.

8. Upon information and belief M.T., a minor, is a Caucasian male, third grade student who at all times pertinent to this lawsuit was in the same class as Z.E and on the same school bus route as Z.E.

9. Purcell Elementary School's Student Handbook in effect at all times pertinent to this litigation states that sexual harassment will not be tolerated in any form.

10. Further the Purcell School District student conduct code prohibits bullying.

11. Tammy Dillard is the principal ("Principal") and primary policy maker of Purcell Elementary School.

12. Jason MidKiff is the School Superintendent ("Superintendent") and along with the Purcell Board of Education are the primary policy makers of Purcell School District.

13. On or about October 3, 2018, M.T. began his campaign of tormenting, harassing, and assaulting Z.E. when he tripped her while getting on the school bus causing injuries in the form of scrapes and bruises which were discovered when Z.E. came home from school. School officials were aware of the incident, bandaged Z.E. and sent her home without notifying Elam. Elam discovered her daughter's injuries when she returned home and questioned her daughter. Elam immediately reported the incident to her child's teacher.

14. On another occasion M.T. threw a pumpkin at Z.E.'s head resulting in a head injury and a visible goose egg sized bump on Z.E.'s head. Elam again discovered her daughter's injuries when she returned home and upon questioning Z.E. Once again, Elam complained to the school this time to both Z.E.'s teacher and to Principal Dillard.

15. Following this incident, M.T. and his group of male friends continued to assault Z.E and began sexually harassing her by yelling obscene things at Z.E. such saying she "sucks dick" and other similar vulgarities. Again, each and every incident were reported to the Principal and the relevant policy makers at the school and school district.

16. The Principal, did not investigate any of these complaints and did nothing by way of discipline of M.T. or protection of Z.E.

17. On another occasion in December of 2018, M.T. and his friends held Z.E. down on the ground and began kicking her in her abdomen, ribs, and legs. Resulting in serious bruising and physical injury.

18. Following this incident, Elam again complained to the Principal and asked her to remove keep Z.E. and M.T. separate while at school. However, the Principal said she needed to begin an investigation first. This is despite numerous meetings, calls, and complaints to the Principal and Z.E.'s teacher.

19. Elam then went to the Superintendent to make complaints about the bullying and sexual harassment that was constantly happening to her daughter. The Superintendent told her that he would not do anything. When asked what he would do if Z.E.'s older sister came to the school and defended her sister by hitting M.T. the Superintendent said that he would immediately expel and/or suspend her. Thus, showing a District policy of treating female students differently than male students as well as treating students differently on the basis of race.

20. Elam then went and complained to the Purcell Scholl District's Board of Education who refused to even discuss or respond to the situation.

21. The abuse was so prevalent that Z.E., previously a good student who enjoyed school, began having anxiety and emotional distress about going to school which manifested in physical symptoms and was interfering substantially with her education.

22. As the school officials continued to fail to protect Z.E., Elam had to withdraw Z.E. for a period of time and have her homeschooled and attempted to get her enrolled in another district. However, Z.E. was refused enrollment in the other district and no other

public elementary school was available to her.  Thus, Z.E. had to be reenrolled in Purcell Elementary School where she continues to have anxieties about her bully M.T.

## COUNT I:  SEX DISCRIMINATION
### 20 U.S.C. §1681 et seq (Title IX)

23. Plaintiff hereby incorporates by reference paragraphs 1-22 as if fully set forth.

24. Defendant was actually aware of numerous known acts of sexual harassment and physical assaults directed toward Z.E. while she was in the school building and on school premises.

25. The male student who sexually harassed and physically assaulted was under the school's disciplinary authority.

26. Defendant acted with deliberate indifference to the acts of harassment and violence by failing to take any action to prevent them, failing to punish and deter the student responsible, and failing to protect Z.E from harassment and violence while she was at school, on school grounds, and riding the school bus.

27. The harassment and violence were so severe, pervasive, and objectively offensive that it barred Z.E from access to educational opportunity or benefit including attendance at her local elementary school.

28. The acts, conduct and behavior of Defendant caused Plaintiff to suffer actual damage as set forth above, including, but not limited to:  medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, as well as emotional pain and suffering.

29. Plaintiff is entitled to recover from the defendant her reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 1988 (b).

## COUNT II:  RACE DISCRIMINATION
## 42 U.S.C. § 2000d et seq (Title IX)

30. Plaintiff hereby incorporates by reference paragraphs 1-29 as if fully set forth.

31. Defendant was aware of numerous known acts of sexual harassment and physically assaulted direct toward Z.E., a black student, while she was in the school building and on school premises.

32. The student who sexually harassed and physically assaulted Z.E was white.

33. When Elam met with the Superintendent, he stated that a white student who was similarly situated would be treated differently when he indicated that Elam's other daughter would be suspended or expelled immediately if she were to assault M.T. However, he refused to act against M.T.

34. Defendant acted with deliberate indifference to the acts of harassment and violence by failing to take any action to prevent them, failing to punish and deter the student responsible, and failing to protect Z.E from harassment and violence while she was at school, on school grounds, and riding the school bus.

35. The harassment and violence were so severe, pervasive, and objectively offensive that it barred Z.E from access to educational opportunity or benefit including attendance at her local elementary school.

36. The acts, conduct and behavior of Defendant caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, as well as emotional pain and suffering.

37. Plaintiff is entitled to recover from the defendant her reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 1988 (b).

## COUNT III: SEX AND RACE DISCRIMINATION
### Fourteenth Amendment, 42 U.S.C. §1983

38. Plaintiff hereby incorporates by reference paragraphs 1-37 as if fully set forth.

39. Z.E. was in the same situation as her male classmates in that they were students at Purcell Elementary School, were under the supervision of the Board, Superintendent, administrators, and teachers, and were subject to the same Code of Conduct.

40. Z.E. was also in the same situation as her white classmates in that they were students at Purcell Elementary School, were under the supervision of the Board, Superintendent, administrators, and teachers, and were subject to the same Code of Conduct.

41. Defendant strictly enforces the District prohibition on sexual harassment and assault when it is perpetrated by black female students upon white male students but failed to similarly protect Z.E. because she is a black female. On information and belief, this lack of action resulted from the official custom or policy of Purcell School District and its agents to condone sexual harassment and assault perpetrated by white male students against black female students. This custom or policy reflects a deliberate indifference to the constitutional rights of D.J.T.

42. Defendant acted or failed to act under the color of state law.

43. The unequal enforcement of the code of conduct had a discriminatory effect on female students, as well as black students and in particular Z.E and was motivated by a desire to discriminate against black female students who are sexually harassed and assaulted by other students.

44. There is no rational basis for discriminating between male and female students who are being sexually harassed and/or assaulted by other students.

45. There is no rational basis for discriminating between black and white students who are being sexually harassed and/or assaulted by other students.

46. The defendant knew or should have known that there is a clearly established right of equal protection under both the United States Constitution and the Constitution of Oklahoma and that their discriminatory failure to enforce the harassment and bullying policy in an equal manner against Z.E.'s bully/harasser violated Z.E.'s constitutional rights.

47. The acts, conduct and behavior of Defendant caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, as well as emotional pain and suffering.

48. Plaintiff is entitled to recover from the defendant her reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 1988 (b).

### COUNT IV:  NEGLIGENCE

49. Plaintiff hereby incorporates by reference paragraphs 1-48 as if fully set forth.

50. Purcell School District, the Purcell Board of Education, administrators, superintendent, principal, and teachers owed a legal duty to properly supervise, and protect students under their control and custody and to take reasonable steps to protect students' safety, including the safety of Z.E.

51. Defendants recognized and acknowledge that duty when they promulgated the Student Handbook which prohibited sexual harassment and bullying and required that action be taken against students who are harassing and bullying other students.

52. Defendant breached its duty to Z.E. by failing to discipline students, known to them, and known to have been involved in harassing and assaulting Z.E.

53. Defendant breached its duty to Z.E. by failing to discipline, train and appropriately supervise administrators and teachers who failed to protect Z.E. from sexual harassment, bullying, and assault.

54. Defendant breached its duty to Z.E. by failing to exercise, or cause to be exercised, reasonable care and supervision of students to prevent the on-going bullying of Z.E. within the school building, classes, at times that school was in session, on school grounds, and on the school bus.

55. Defendant breached its duty to Z.E. by creating or permitting an atmosphere wherein students felt they could harass Z.E. openly and with impunity.

56. Defendant's negligence caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, as well as emotional pain and suffering

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendant jointly and severally, for his actual or nominal damages as are proven at trial, for costs, expenses, attorneys' fees, and for any such further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Erica R. Mackey
Douglas J. Shelton, OBA No. 8159
Erica R. Mackey, OBA No. 32057
dshelton@sheltonlawok.com
emackey@sheltonlawok.com
Shelton Walkley Mackey
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - facsimile
JURY TRIAL DEMANDED
ATTORNEY LIEN CLIAMED